Warren H. GIBSON, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

Thomas A. JACKSON, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

Nos. 3887, 3888.

District of Columbia Court of Appeals.

Submitted May 31, 1966.

Decided July 25, 1966.

---

William A. Tinney, Jr., Washington, D. C., for appellants.

Milton D. Korman, Acting Corp. Counsel, and Hubert B. Pair, Donald Santarelli, and John R. Hess, Asst. Corp. Counsel, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge:

Appellants were convicted of misdemeanors in separate nonjury trials, and each was sentenced to a short jail term. The parties agree that prior to arraignment only two questions were asked by the trial judge—"Do you have a lawyer?" and "Do you want a lawyer?"—and that after receiving a simple "No" to both, he proceeded with their trials. These appeals raise the question of whether appellants were sufficiently advised of their right to counsel so as to satisfy the requirements of the Constitution and the rules of the trial court.

 The Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right * * * to have the assistance of counsel for his defense." This right has been analyzed in numerous cases and now extends to all "critical

stages" of the prosecution.[1] It is now beyond question that an accused in a federal tribunal is entitled to the assistance of counsel at trial if he so desires. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). This right is implemented in the District of Columbia by Criminal Rule 24 of the Court of General Sessions which states:

> "If the defendant appears in court without counsel, the court *shall advise him of his right to counsel* and assign counsel to represent him at every stage of the proceeding unless he elects to proceed without counsel or is able to obtain counsel." (Emphasis added.)

In a parallel situation concerning the right to counsel during custodial interrogation, the Supreme Court recently noted:

> "In order fully to apprise a person interrogated of the extent of his rights under this system then, it is necessary to warn him not only that he has the right to consult with an attorney, but also that if he is indigent a lawyer will be appointed to represent him. Without this additional warning, the admonition of the right to consult with counsel would often be understood as meaning only that he can consult with a lawyer if he has one or has the funds to obtain one. The warning of a right to counsel would be hollow if not couched in terms that would

convey to the indigent * * * the knowledge that he too has a right to have counsel present. As with the warnings of the right to remain silent and of the general right to counsel, only by effective and express explanation to the indigent of this right can there be assurance that he was truly in a position to exercise it." (Footnotes omitted.) Miranda v. Arizona, supra, n. 1, 86 S.Ct. at 1627.

■ The statements of proceedings and evidence in the cases at bar are devoid of language of "advice" by the court. Appellants were merely asked whether they had or wanted lawyers. They were not informed of their right to counsel, nor were they made aware that free counsel would be provided for them if they could not afford to retain their own. In view of the foregoing, we hold that appellants were denied their rights under the Sixth Amendment and that the trial court did not comply with Criminal Rule 24.[2]

■ The government earnestly contends, however, that appellants waived these rights and have not met their burden of proving that said waivers were not informed and intelligent. We do not reach this question, since waiver, being the voluntary relinquishment of a *known* right, presumes that a person is aware of or has been fully apprised of the rights he is forgoing, whereas here there is no indication that the existence of these rights was known to appellants.[3]

1. The right has been held to extend to sentencing, Gadsden v. United States, 96 U.S.App.D.C. 162, 223 F.2d 627 (1955); appeals, Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); and recently, custodial interrogation, Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), to name but a few.

2. We are presented with two appellants about whom we know very little. While our analysis certainly applies to appellant Jackson since his conviction for vagrancy assumes indigence, at no time did the trial court ascertain whether ap-

pellant Gibson had the financial ability to obtain his own counsel. Under these circumstances we believe it was incumbent upon that court to inform him of an indigent's right to appointed counsel. Failure to do this, coupled with the failure to generally advise him of his right to counsel, effectively deprived him of his constitutional guarantee.

3. "Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and un-

We are not unmindful of the problems encountered by both trial and appellate courts in determining whether a waiver was "intelligently and understandingly" made. To facilitate this determination and to insure that the record reflects that a defendant was made aware of his rights in clear and unequivocal language, we suggest that the following procedure be employed by the Court of General Sessions in all cases in which a defendant charged with crime appears at trial without counsel:

The court shall undertake to explain to the defendant the nature of the charges against him, and the range of allowable punishments which can be imposed (as well as other possible sanctions which might arise from a conviction, such as revocation of a driver's license). The court shall then advise the accused that: (1) he has the right to have a lawyer if he wants one; (2) if he can afford to pay and desires to get his own lawyer, the court will give him a reasonable time to do so; and (3) if he cannot afford to pay and desires to have an attorney, the court will appoint one who will defend him without charge. It can then readily be determined through a brief series of questions whether the accused has a lawyer, wants to retain his own, desires to have one appointed by the court, or, having been informed of the nature, seriousness, and possible complexity of the charges against him, desires to waive his rights and proceed on his own.

This basic procedure will insure the full protection of the Constitution for every accused, as well as compliance with the provisions of Criminal Rule 24.

The cases at bar must be reversed and remanded for new trials.

Reversed and remanded.

derstandingly rejected the offer. Anything less is not waiver." Carnley v. Cochran, 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70 (1962). See also Evans

v. Rives, 75 U.S.App.D.C. 242, 250, 126 F. 2d 633, 641 (1942) ; United States ex rel. Brown v. Fay, 242 F.Supp. 273, 276 (S. D.N.Y.1965).