Frederick Harry JACKSON, Appellant,

v.

UNITED STATES, Appellee.

No. 4962.

District of Columbia Court of Appeals.

Argued Sept. 16, 1969.

Decided Feb. 17, 1970.

---

Francis J. Galvin, Jr., Washington, D. C., appointed by this court, for appellant.

Julius A. Johnson, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., and John A. Terry and Richard N. Stuckey, Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, and KELLY and KERN, Associate Judges.

KERN, Associate Judge:

Appellant was convicted by the court sitting without a jury of carrying a pistol

without a license in violation of D.C.Code 1967, § 22–3204 and possessing a prohibited weapon, a sawed-off shotgun, in violation of D.C.Code 1967, § 22–3214(a). He was sentenced to a year's imprisonment on each conviction to be served consecutively. This appeal presents the issue whether stamped notations reading "Jury Trial Demand Withdrawn" on the back of both informations containing the charges against appellant are sufficient, in the absence from the record of any statement of waiver by appellant or his counsel, to constitute a valid waiver of his constitutional right to a jury trial.[1]

The relevant statute, D.C.Code 1967, § 16–705(a), provides in pertinent part:

In a criminal prosecution within the ·jurisdiction of the Court of General Sessions in which, *according to the Constitution of the United States,* the accused would be entitled to a jury trial, the trial shall be by jury, *unless the accused in open court expressly waives trial by jury and requests to be tried by the judge.* * * * [Emphasis supplied.]

A reading of the transcript of the proceeding in the instant case shows only that the court clerk called the case for trial and the witnesses, two police officers, were sworn and testified. At the conclusion of their testimony the court, over objection by defense counsel, admitted into evidence the weapons which had been seized from appellant at the time of his arrest. The prosecutor then announced that the Government rested, appellant's attorney stated "We'll rest", and the court found appellant guilty and imposed sentence.[2]

The Government argues that the notation "Jury Trial Demand Withdrawn" stamped on each information is sufficient evidence that appellant knowingly and understandingly waived his right to a jury trial and requested a trial by the court, as

1. We have examined appellant's other contentions on appeal and find them to be without merit.

2. Prior to sentencing the court did ask appellant and his attorney if they had anything to say.

was his right under the statute. Clerical entries made in the regular course of court business are presumptively true. *See* Tate v. Kelley, D.C.Mun.App., 129 A.2d 855 (1957). However, we cannot indulge in the presumption that a rubber stamp imprint, unaccompanied by a record of the proceedings which it is supposed to reflect, constitutes a valid waiver of a constitutional right so basic that Congress has declared in Section 16-705(a) that it must be expressly waived in open court by the defendant and that he must request trial by the court. *Cf.* Carnley v. Cochran, 369 U. S. 506, 516, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962).

■ The Government's reliance on our decisions in Hensley v. United States, D. C.Mun.App., 155 A.2d 77 (1959), aff'd, 108 U.S.App.D.C. 242, 281 F.2d 605 (1960) and Eliachar v. United States, D.C.App., 229 A.2d 451 (1967) *is misplaced.* In both those cases *it appeared on the record* that defense counsel, with his client's acquiescence, waived trial by jury in open court. Here, the record of what occurred in open court is silent as to any waiver. We recognize that the absence from the transcript of any waiver by appellant is not conclusive proof that in fact there was no waiver in open court. It may well have occurred either before the assignment judge in another courtroom or before the trial commenced and not been reported. Accordingly, we remand this case to the trial court for a determination, after hearing, whether appellant knowingly and voluntarily waived his right to a jury trial in open court and requested a trial by the court.[3] This court retains jurisdiction pending such determination.

The Government with commendable concern for the administration of justice in this jurisdiction suggests in its brief that

"jury trial waivers that occur out of the immediate presence and hearing of the defendant may be subject to abuse in some situations and may result in something less than an express, free, and intelligent choice. * * * In view of the importance of this right, possibly a requirement of some form of direct communication between the judge and defendant, in addition to the written waiver,[4] would more fully insure a jury trial waiver free of subsequent attack" [footnote added].

In *Eliachar,* we said (at 452):

We think it would be a sound and wise procedure to obtain express personal waivers * * *.

In Hatcher v. United States, 122 U.S.App. D.C. 148, 149, 352 F.2d 364, 365 (1965), cert. denied, 382 U.S. 1030, 86 S.Ct. 654, 15 L.Ed.2d 542 (1966), the United States Court of Appeals said:

Since the waiver of a constitutional right is not to be taken lightly, such direct communication is desirable so there can be no question of the defendant's "intentional relinquishment or abandonment of a known right." Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 [1938].

■ We think that the public interest in obtaining both swift and certain justice for those charged with crime, never more paramount than at present, requires that the trial court assume responsibility for making certain that the record in all criminal trials in which the accused had a constitutional right to trial by jury contains evidence from which it may be found that the defendant knowingly and voluntarily waived such right. In this time of clogged criminal dockets we simply cannot dissipate judicial and prosecutive resources, already

3. *See* Irvin v. Zerbst, 97 F.2d 257, 258 (5th Cir.), cert. denied, 305 U.S. 597, 59 S.Ct. 97, 83 L.Ed. 379 (1938). We suggest to the trial court the desirability of hearing from the Assistant United States Attorney who prosecuted the case, and appellant's trial counsel.

4. *See* note 5, *infra;* Fed.R.Crim.P. 23(a).

stretched too thin, in attempting to reconstruct skimpy records or to fill the void in empty records on appeal. *Cf.* McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 1174, 22 L.Ed.2d 418 (1969); United States v. Workcuff, D.C.Cir., 422 F.2d 700 (decided Jan. 8, 1970).

We have previously required trial judges to enhance the record with clear evidence of a defendant's personal waiver of his constitutional right to assistance of counsel, Gibson v. District of Columbia, D.C. App., 221 A.2d 715 (1966); or his desire to be represented by counsel also representing a codefendant, Lord v. District of Columbia, D.C.App., 235 A.2d 322 (1967). We have also required that trial judges afford the right of allocution personally to each defendant. Hensley v. United States, *supra*. We recognize that the burden now on trial judges is heavy, but we conclude that it is not too much to require that they take the several minutes necessary to ascertain from a defendant that he understands the action he is taking when he chooses to proceed to trial without a jury, so that the record of proceedings is adequate to withstand subsequent challenge. *See* Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).[5]

An on-the-record inquiry of a defendant himself by the trial judge in open court would more readily facilitate the trial judge's determination, and the determination in any post-conviction proceedings, that the waiver was in fact voluntary. *See* *McCarthy, supra* 394 U.S. 459, 89 S.Ct. at 1171. Also, such a procedure more fully complies with the statutory directive that the "accused in open court expressly [waive]" his right to jury trial and request trial by the court. We refrain from spelling out the precise form of inquiry that should be made of the defendant since the trial judges must have some flexibility, within the outline laid down by the statute, to deal with the varying circumstances of each case.[6]

We do hold that henceforth, in trials commenced after the issuance of this opinion, there should be in the record a statement in open court by the defendant himself[7] in order to provide a basis for subsequently determining, if necessary, that he knowingly and voluntarily waived his constitutional right to trial by jury.[8] We will expect the prosecutor to assist the trial court in complying with our ruling. *See* Dranow v. United States, 325 F.2d 481, 485 (8th Cir. 1963), cert. denied, 376 U.S. 912, 84 S.Ct. 669, 11 L.Ed.2d 610 (1964).

Remanded for a hearing to determine whether appellant knowingly and voluntarily waived his right to a jury trial.

---

5. We understand that many trial judges presently require execution in open court of a simply-worded waiver form by a defendant, defense counsel, prosecutor and the court, and, additionally, question the defendant before proceeding to trial without a jury.

6. "[T]he duty of the trial court in that regard is not to be discharged as a mere matter of note, but with sound and advised discretion * * *." Patton v. United States, 281 U.S. 276, 312, 50 S.Ct. 253, 263, 74 L.Ed. 854 (1930).

7. Our insistence upon an oral response by the defendant to the trial court's inquiry should not be construed as disapproving the use of a written waiver form *in addition to* the defendant's personal waiver in open court transcribed on the record.

8. We are mindful that under D.C.Code 1967, § 16–705(b) the accused is allowed to *demand* a jury trial in certain cases wherein a jury trial is not constitutionally required. Since the burden is on the accused to demand trial by jury it would seem that in the absence of such demand the trial could be before a judge without jury without the need for any waiver. However, we deem it prudent to point out that the line between a "serious offense" requiring a jury trial and a "petty offense" which does not is not always clear. Cheff v. Schnackenberg, 384 U.S. 373, 86 S.Ct. 1523, 16 L.Ed.2d 629 (1966). It is therefore advisable to obtain conformation of the defendant's desire to be tried without jury in open court in all cases "wherein the fine or penalty may be more than $300, or imprisonment as punishment for the offense may be more than ninety days."