Maurice Clifton GREGORY, Appellant,

v.

UNITED STATES, Appellee.

No. 5324.

District of Columbia Court of Appeals.

Argued Dec. 2, 1970.

Decided Dec. 31, 1970.

Melvin Hirshman, Washington, D. C., appointed by this court, for appellant.

Jerome Wiener, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., John A. Terry, Guy H. Cunningham, III, Ruth R. Banks and James F. Flanagan, Asst. U. S. Attys., were on the brief, for appellee.

Before FICKLING, KERN and YEAGLEY, Associate Judges.

PER CURIAM:

The appellant, Maurice Gregory, was charged with unlawful possession of heroin,[1] and following a trial by the court on April 24, 1970, was sentenced to one year in jail. At the time of the offense, appellant resided in a Department of Corrections Halfway House in the District of Columbia. Upon returning from work to the Halfway House on January 27, 1970, he was confronted with the fact that a recent urine test had indicated the presence in his system of quinine, an excipient commonly used with heroin. It was thereupon determined that appellant had three capsules containing a useable amount of heroin on his person. On this appeal, appellant contends that the trial court erred in failing to afford him a knowledgeable waiver of his right to a trial by jury.

This case first came on for hearing on March 26, 1970, at which time appellant requested a continuance in order to locate witnesses whose names and addresses he could not detail with any certainty. Although appellant apparently had not communicated with his counsel in this regard since January 29th, the court granted him a continuance until April 24th. On that date appellant again requested a continuance. Appellant was still unable to identify with particularity any of the witnesses he was seeking. Defense counsel had indicated that he was ready for trial when appellant requested the continuance. The trial court then sent the matter of a second continuance to the assignment branch of the court where it was denied. We do not believe that this record reflects any abuse of discretion on the part of the lower court in denying appellant a second continuance.

Nor do we believe that the trial court erred in accepting appellant's waiver of a jury trial. On April 24th, when this case first came up for trial, the trial judge asked defense counsel: "Will this be a jury trial?" Counsel replied: "No, your Honor. Mr. Gregory indicates he wants a trial by the Court." Counsel also added, "He seems very determined about it." Following a luncheon recess, the Court remarked: "There is no jury present." Appellant then replied: "I prefer it, unless it is necessary." His counsel then said: "Defendant withdraws his jury demand and desires a trial by the Court, your Honor."

After a denial of appellant's second motion for continuance in assignment court, the question of appellant's waiver of a jury trial again arose. The court addressing defense counsel said: "I take it he still wants to go to trial before the Court without a continuance." Appellant then responded, "Sure," and the case proceeded to trial without a jury.

Appellant's contention that this record does not reflect a knowledgeable waiver of a trial by jury within the standards set forth in Jackson v. United States, D.C. App., 262 A.2d 106 (1970), is without merit.

This record clearly reflects a knowledgeable waiver of a jury trial by the appellant. In the Jackson decision we suggested an ideal procedure for the trial court to follow in order to make the record clear that the defendant's waiver was a knowledge-

1. D.C.Code 1967, § 33–402.

able one. Although it might be said that the record in this case is somewhat less than ideal, it is nonetheless clear that appellant did not want a trial by jury, and that his waiver was knowledgeable. The judgment is accordingly

Affirmed.