**Floyd PAYNE, Jr., Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 6188.**

District of Columbia Court of Appeals.

Argued May 18, 1972.

Decided July 11, 1972.

---

Henry J. Monahan, Rockville, Md., appointed by this court, for appellant. Theodore Wieseman, Washington, D. C., was on the brief, for appellant.

Thomas H. Queen, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., John A. Terry and Derek I. Meier, Asst. U. S. Attys., were on the brief, for appellee.

Before KERN, GALLAGHER and PAIR, Associate Judges.

KERN, Associate Judge:

Immediately prior to trial, the trial court heard testimony, considered argument and then denied appellant's motion to suppress a revolver which was the basis of the criminal charge against him of carrying a pistol without a license. D.C.Code 1967, § 22–3206. At that point in the proceedings, the following colloquy appears in the transcript in the record before us:

THE COURT: I deny your motion to suppress. Are we ready for trial?

MR. DIER [Defense Counsel]: Your Honor, in this case *Mr. Payne requests a trial by the Court at this time* and I would stipulate the testimony of the officer would be the same.

THE COURT: All right.

MR. MEIER [Assistant United States Attorney]: Your Honor, at this point the government based on the foregoing

testimony would ask that the Government Exhibit No. 1 be marked, this pistol, be marked and admitted into evidence as Government Exhibit No. 1.

THE COURT: Is there any objection?

MR. DIER: I object, Your Honor, for the record.

THE COURT: I will overrule your objection. (Emphasis added.)

The trial court then heard testimony from a police officer and appellant, found him guilty as charged and sentenced him to 30 days in jail.

■ Nowhere in this record do we find anything to show that before proceeding to trial without a jury the trial court obtained from appellant himself and thereafter approved a waiver of his right to trial by jury in compliance with Jackson v. United States, D.C.App., 262 A.2d 106 (1970),[1] Superior Court Criminal Rule 23(a),[2] and

the command by Congress in the District of Columbia Court Reform and Criminal Procedure Act of 1970, 84 Stat. 473.[3]

The Assistant United States Attorney at oral argument in this case advised us that a search of its own files revealed no evidence of any waiver of jury trial having been executed by appellant himself or any acceptance and approval thereof, respectively, by the Government and the trial court, as required by the Superior Court's rules and the statute. In view of this state of the record we have no alternative but to reverse the judgment of conviction and remand the case with directions to grant a new trial.[4]

■ Appellant argues that not only must we void his conviction and order a new trial for lack of a valid waiver but also he should have another hearing of his pretrial motion to suppress. It seems to us, however, that the suppression hearing *prior to trial* was clearly different than and separable from his trial, *see* Jenkins v.

---

1. We said (at 109)
 We do hold that henceforth, in trials commenced after the issuance of this opinion [February 17, 1970], *there should be in the record a statement in open court by the defendant himself* in order to provide a basis for subsequently determining, if necessary, that he knowingly and voluntarily waived his constitutional right to trial by jury. . . . (Footnotes omitted.) (Emphasis added.)

2. Super.Crim.R. 23(a) provides:
 Cases required to be tried by jury shall be so tried unless *the defendant in open court orally and in writing waives a jury trial with the approval of the court and the consent of the prosecuting officer.* (Emphasis added.)

3. D.C.Code 1967, § 16–705(a) (Supp. V, 1972) provides in pertinent part:
 In a criminal case tried in the Superior Court . . . the trial shall be by jury, unless the defendant in open court expressly waives trial by jury and requests trial by the court, *and the court and the prosecuting officer consent thereto.* . . . (Emphasis added.)

4. In Jackson v. United States, D.C.App., 262 A.2d 106, 108–109 (1970), we observed:
 In this time of clogged criminal dockets we simply cannot dissipate judicial and prosecutive resources, already stretched too thin, in attempting to reconstruct skimpy records or to fill the void in empty records on appeal.
 Nevertheless, we recognized in that case (at 108) the possibility that the defendant himself did waive jury trial in open court, either at the time of the case's assignment or before the trial proceedings were put on record, when that fact would not have been transcribed by the official court reporter. Therefore, we remanded the case to enable the trial court to determine if the defendant had made a waiver. In this case, the transcript appears to have captured *in toto* the proceedings during which appellant might have waived his right to trial by jury. Moreover, the trial court's *present* rules require a written waiver, unlike its rules applicable at the time of *Jackson*. Under these circumstances we deem unwarranted a remand for the purpose of attempting to reconstruct whether appellant waived jury trial in compliance with the rule and the statute.

United States, D.C.App., 284 A.2d 460, 463–464 (1971), and was in no way infected by the trial court's fatal failure to establish on the record that appellant had waived his right to trial by jury. In short, appellant's entitlement to a new trial does not carry with it the right to a rehearing of his motion to suppress. Since the lawfulness of the seizure is at the very heart of the case and the parties have thoroughly briefed and argued that issue, we are of opinion that sound judicial administration obliges us now to consider and decide the propriety of the seizure of the pistol rather than leave that issue undecided. *See* Towler v. United States, D.C.App., 271 A.2d 553, 556 (1970).

The officers testified before trial that while on routine patrol in the very early morning they saw appellant driving and then park an automobile with an expired inspection sticker on the windshield.[5] They stopped him, as he walked away from the car, and called this defect to his attention. They then asked him for his driver's license and registration card and he confessed to having neither. The officers initiated a check over their cruiser's radio of (1) whether the car had been reported as stolen and (2) to whom the car was listed as belonging. *After* the report came back to them that the car was not listed as stolen *but before* they were advised of the identity of the car's record owner, appellant attempted to hand over the car keys to a person unknown to the officers but identified by appellant as his cousin, who had just arrived on the scene. The police took the keys, called for a transport vehicle with which to take appellant to the precinct house and rolled up the windows of the car, preparatory to leaving it where it had been parked. At that point, they saw a pistol on the front seat and seized it.

 Appellant argues vigorously that the seizure of the keys to the car was unlawful and that the gun does not fall within the so-called "plain view" exception to the requirement of obtaining a search warrant, as recently reviewed at length and spelled out in detail by the Supreme Court in Coolidge v. New Hampshire, 403 U.S. 443, 464–473, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). We disagree. As to appellant's *first* contention, the officers would have been derelict in their duty had they permitted a stranger to make off with the auto before its rightful ownership had been established,[6] particularly since appellant was wholly bereft of any documents which could have aided in determining to whom the car belonged. As to his other contention, the arresting officer's decision under the circumstances to secure the car and leave it where parked on the street until the matter of its ownership could be straightened out "constituted a legitimate reason for being present" beside the car at the time he saw the pistol partly obscured on the front seat. Coolidge v. New Hampshire, *supra* at 466, 91 S.Ct. 2022. *See* Harris v. United States, 390 U.S. 234, 236, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968); Palmore v. United States, D.C.App., 290 A.2d 573 (1972); Wise v. United States, D.C. App., 277 A.2d 476 (1971). The officer's use of his flashlight, by means of which he saw the pistol as he was about to roll up the windows and lock the car, seems proper in view of the fact that these events occurred at night. There is nothing to show that the officer was searching the car in anticipation of finding the pistol or that his discovery of it on the seat was any-

---

5. Appellant, intending to go to a sandwich shop, had parked the car at 13th and New York Avenue, N.W.

6. During oral argument appellant referred to General Order No. 23 of the Metropolitan Police Department, June 8, 1971, which provides, among others, for "disposition of prisoner's property" and which, he argues, should have been followed by the police in this case. However, that Order deals with the disposition of property which the arrestee either "owns" or "has been authorized to use," neither of which prerequisites were met by appellant here.

thing other than inadvertent. *See* Coolidge v. New Hampshire, *supra*, 403 U.S. at 470, 91 S.Ct. 2022, 29 L.Ed.2d 564.

Reversed and remanded for a new trial.[7]

7. In view of our holding on the propriety of the seizure of the pistol, the new trial would necessarily be limited to whether appellant violated the statute, as charged. He denied all knowledge of the pistol at his first trial.