Alphonso Leonard HICKS, Appellant,

v.

UNITED STATES, Appellee.

No. 6332.

District of Columbia Court of Appeals.

Argued Oct. 3, 1972.

Decided Nov. 10, 1972.

George M. Alexis, Public Defender Service, Washington, D. C., appointed by this court, for appellant.

Jason D. Kogan, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty.,

John A. Terry and Peter C. Schaumber, Asst. U. S. Attys., were on the brief, for appellee.

Before KELLY, KERN and PAIR, Associate Judges.

KELLY, Associate Judge.

In this appeal from a conviction of destroying property in violation of D.C.Code 1967, § 22–403, the sole claim of error is that the trial court failed to determine whether appellant knowingly and voluntarily waived his constitutional right to trial by jury.

D.C.Code 1967, § 16–705(a) (Supp. V, 1972), provides that:

> In a criminal case tried in the Superior Court in which, according to the Constitution of the United States, the defendant is entitled to a jury trial, the trial shall be by jury, unless the defendant in open court expressly waives trial by jury and requests trial by the court, and the court and the prosecuting officer consent thereto. In the case of a trial without a jury, the trial shall be by a single judge, whose verdict shall have the same force and effect as that of a jury.[1]

At arraignment appellant had demanded a trial by jury; however, at trial the following colloquy occurred:

> MR. SCHAEFFER [defense counsel]: If it please the Court, we demanded a jury trial in this case, and I have discussed this case fully with this defendant and explained it to him, and he understands it, and he now wants to take a trial by the Court. Am I right?
>
> MR. HICKS: Right.
>
> MR. SCHAEFFER: He knows he's entitled to a trial by the jury.

---

1. Super.Ct.Cr. Rule 23(a) reads:

 TRIAL BY JURY. Cases required to be tried by jury shall be so tried unless the defendant in open court orally and in writing waives a jury trial with the approval of the court and the consent of the prosecuting officer.

**617**

THE COURT: The defendant has withdrawn his demand for a jury trial. Does the Government consent?

MR. SCHAUMBER [prosecutor]: Yes, Your Honor.

THE COURT: All right. [Tr. at 3.]

Additionally, appellant executed a written waiver of jury trial, signed also by counsel, consented to by an Assistant United States Attorney, and approved by the trial judge. Appellant nevertheless contends that the waiver is defective because no judicial inquiry was made of him personally, in sufficient detail, to determine whether it was voluntary.

 In waiving trial by jury, the procedure contemplated by the D.C.Code provision and by the Superior Court Criminal Rule, and that enunciated by this court, is an "on-the-record inquiry of a defendant himself by the trial judge in open court", Jackson v. United States, D.C.App., 262 A.2d 106, 109 (1970). And while we have had occasion, in Payne v. United States, D.C.App., 292 A.2d 800 (1972), to emphasize the regrettable waste of judicial resources resulting from the failure to follow the procedure specified in the *Jackson* case, we have nonetheless upheld a proce-

dure somewhat less ideal than that suggested in *Jackson* where it is clear on the record that the waiver was a knowledgeable one. Gregory v. United States, D.C.App., 271 A.2d 791 (1970). We conclude that such is the case here.

A written waiver of jury trial signed by appellant is part of the record before us. An oral waiver by counsel, in appellant's presence and acquiesced in by him, is also of record. The trial proceeded to conclusion without objection by appellant and, while there is in appellant's background a history of mental illness, he was adjudged competent to participate in and to understand the legal proceedings against him. In our judgment, these factors constitute a showing of a knowing and voluntary waiver of jury trial sufficient to obviate the necessity of a remand for further hearing on this issue.

We again admonish the trial judges of Superior Court to personally make an on-the-record inquiry of those defendants who express a desire to waive trial by jury, with a request for trial by the court, and to explore the matter in sufficient depth so as to remove any doubt that the waiver was the result of a defendant's voluntary and knowing choice.

Affirmed.