**Walter R. HAWKINS, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 11631.**

District of Columbia Court of Appeals.

Argued Jan. 26, 1978.

Decided April 11, 1978.

Rehearing Denied July 21, 1978.

---

1. *U. S. v. Pinkney,* 177 U.S.App.D.C. 423, 430, 543 F.2d 908, 915 (1976).

Edward C. Sussman, Washington, D. C., for appellant.

Cheryl M. Long, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., John A. Terry and E. Laurence Barcella, Jr., Asst. U. S. Attys., Washington, D. C., were on brief, for appellee.

Before NEWMAN, Chief Judge, and YEAGLEY and HARRIS, Associate Judges.

NEWMAN, Chief Judge:

Convicted of armed kidnapping, armed rape, armed robbery, and carrying a pistol without a license, appellant primarily contends on appeal that the trial court erred in allowing appellant to waive his Sixth Amendment right to jury trial without a sufficient inquiry to determine whether the

waiver was knowingly and voluntarily made.[1] We agree and reverse.

Appellant was accused of raping and robbing two women in the vicinity of Washington Circle, N.W., in January and February of 1975. At arraignment in May 1975, he requested a jury trial. Six months later, pursuant to an order under D.C.Code 1973, § 24–301(a), appellant was admitted to St. Elizabeths Hospital for an evaluation of his competency to stand trial. Following a four-month evaluation, St. Elizabeths expressed the opinion that appellant was competent to stand trial, and the trial court so found.[2]

On the day of trial, counsel for appellant presented to the court a jury trial waiver form, executed by the Assistant United States Attorney, the defense counsel, and the appellant. The sole discussion concerning appellant's waiver of his right to jury trial occurred immediately prior to the beginning of the trial:

THE COURT: Are we ready to proceed, gentlemen?

[THE PROSECUTOR]: Government's ready, Your Honor.

THE COURT: All right.

[DEFENSE COUNSEL]: Yes, we're ready.

\* \* \* \* \* \*

[THE PROSECUTOR]: I also think perhaps—I don't know whether the clerk has a jury trial waiver form.

THE COURT: Have you signed an [sic] executed a right to waive trial?

[DEFENSE COUNSEL]: Yes, Your Honor, we've signed it.

THE COURT: All right.

[THE PROSECUTOR]: Thank you, Your Honor. With the Court's permission—

1. We decline appellant's suggestion that we reexamine our holding in *Bethea v. United States*, D.C.App., 365 A.2d 64 (1976), which he contends denies due process. We likewise find without merit (1) his challenge to the determination by Judge Norma H. Johnson that appellant was competent to stand trial, and (2) his contention that the trial court erred in evaluating the expert testimony on insanity.

2. The St. Elizabeths' evaluation stated that appellant was suffering from a mental disease at the time of the offenses and that the offenses, if committed, were the product of that mental disease. An independent psychiatric examination was conducted before trial on the motion of the government.

THE COURT: He understands he's giving up his right to a jury and I'll be hearing the facts and judging the law?

[DEFENSE COUNSEL]: Yes. We've gone over that with him.

THE COURT: All right. [Record 5] No further discussion on the jury trial waiver took place. At *no* point did the judge discuss the jury trial waiver directly with appellant, or question appellant himself to determine if he knowingly and voluntarily chose to be tried by the court rather than by a jury.

Appellant presented an insanity defense, which was contested. Rejecting the insanity defense, the trial court found him guilty.

In this court, appellant claims reversible error in the trial court's failure to insure that appellant knowingly and voluntarily relinquished his right to jury trial. He argues that before accepting such a waiver, the trial court must comply with the mandate of *Jackson v. United States,* D.C.App., 262 A.2d 106 (1970), which requires an on-the-record inquiry of the defendant himself. The government contends that the combination of the written waiver form with the oral waiver by defense counsel was legally sufficient to indicate a knowing and voluntary jury trial waiver by appellant. The government relies on two pre-*Jackson* cases, *Hensley v. United States,* D.C.Mun.App., 155 A.2d 77 (1959), *aff'd,* 108 U.S.App.D.C. 242, 281 F.2d 605 (1960), and *Eliachar v. United States,* D.C.App., 229 A.2d 451 (1967), and on a post-*Jackson* case, *Hicks v. United States,* D.C.App., 296 A.2d 615 (1972).

 It is clear that a defendant may relinquish his right to a jury trial as long as the waiver is express and voluntary. *Patton v. United States,* 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854 (1930), *Adams v. United States ex rel. McCann,* 317 U.S. 269, 63

S.Ct. 236, 87 L.Ed. 268 (1943). Therefore, when faced with a jury trial waiver request, the trial judge must first determine whether, in fact, there has been "an intentional relinquishment or abandonment of a known right or privilege." *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938). In this jurisdiction, the required procedures for facilitating this determination are clear. D.C.Code 1973, § 16–705(a), requires that the defendant "in open court expressly waive[s] trial by jury and request[s] trial by the court," and Super.Ct.Cr.R. 23(a)[3] mandates that the defendant waive his jury trial right "in open court orally and in writing."[4]

Moreover, this court and the United States Court of Appeals for the District of Columbia have explicated the appropriate procedure for the trial court to follow in ruling on a jury trial waiver request. *See, e. g., Eliachar v. United States, supra* at 452; *Hatcher v. United States,* 122 U.S. App.D.C. 148, 149, 352 F.2d 364, 365 (1965), *cert. denied,* 382 U.S. 1030, 86 S.Ct. 654, 15 L.Ed.2d 542 (1966). These cases culminated in our decision in *Jackson v. United States, supra.* There the record of what occurred in open court was silent as to defendant's jury trial waiver although the notation "Jury Trial Demand Withdrawn" was stamped on the back of both informations containing the charges against appellant. Refusing to presume a valid waiver from the stamped notations alone, this court set forth the procedures to be followed in the future by trial courts faced with waiver:

We do hold that henceforth in trials commenced after the issuance of this opinion, there should be in the record a statement in open court by the defendant himself in order to provide a basis for subsequently determining, if necessary, that he knowingly and voluntarily waived his constitu-

---

3. Super.Ct.Cr.R. 23(a) states:

Cases required to be tried by jury shall be so tried unless the defendant in open court orally and in writing waives a jury trial with the approval of the court and the consent of the prosecuting officer.

4. Assuming the defendant does appropriately waive his jury trial right, the effectiveness of such a waiver nonetheless may be conditioned on the consent of the prosecuting attorney and the trial judge. *Singer v. United States,* 380 U.S. 24, 85 S.Ct. 783, 13 L.Ed.2d 630 (1965). Neither party raises a consent claim before this court.

tional right to trial by jury. [262 A.2d at 109 (footnotes omitted).]

Since *Jackson*, we have upheld procedures somewhat less ideal than those suggested therein. Thus, in *Gregory v. United States*, D.C.App., 271 A.2d 791 (1970), while noting the failure to follow the *Jackson* mandate, we nonetheless affirmed a jury trial waiver where the record clearly demonstrated on-the-record statements by the defendants in response to questions concerning his requested waiver. So, too, in *Hicks v. United States, supra*, we affirmed waiver procedures which failed to comply with the *Jackson* standard. In *Hicks*, the appellant, who had a history of mental illness but nonetheless was adjudged competent to stand trial, had signed a written waiver of jury trial. At trial defense counsel stated that although the defendant understood that he had a right to a jury trial, he wanted to be tried by the court. The defendant indicated on the record and orally, albeit tersely, his agreement with his counsel's statement. Thus, in *Hicks* the record presented at least some oral statement by the defendant, along with a written waiver. 296 A.2d at 616–17. Our continued adherence to the teachings of *Jackson* is demonstrated by our opinions in *Payne v. United States*, D.C.App., 292 A.2d 800 (1972), and *Towler v. United States*, D.C.App., 271 A.2d 553 (1970). Indeed, government counsel cite us to no case nor have we found any, where this court since *Jackson* has sanctioned a jury trial waiver without both a written waiver *and* oral assent thereto by the defendant in open court on the record.

█ In this case, the trial court failed to orally inquire of appellant to ascertain whether he knowingly and voluntarily intended to waive his Sixth Amendment right to trial by jury. While such inquiry is mandated in all cases, it is particularly crucial (and must be more detailed to insure its validity) in cases such as this where the trial court is faced with questions of compe-

tence and mental responsibility. *See United States v. David*, 167 U.S.App.D.C. 117, 511 F.2d 355 (1975); *Naples v. United States*, 113 U.S.App.D.C. 281, 288, 307 F.2d 618, 625 (1962).

█ Despite our prior admonitions in such cases as *Jackson v. United States, supra, Towler v. United States, supra*, and *Payne v. United States, supra*, we are again compelled to review a record on appeal where there has been a failure to comply not only with these decisions, but also with the applicable statute and court rule on jury trial waiver. We have no alternative save to reverse with the attendant necessity of a new trial.

█ We reiterate the procedures which, in the exercise of our supervisory power, we set forth in *Jackson v. United States, supra*, and which are codified in D.C.Code 1973, § 16–705(a) and Super.Ct.Cr.R. 23(a) to be followed by the trial court when faced with a jury trial waiver request. To be effective, there must be an oral inquiry of the defendant himself in open court, his replies to which indicate that he understands the nature of his right to a jury trial and that he chooses to waive that right. This oral waiver must accompany a written waiver, signed by the defendant. A written waiver by the defendant coupled with an oral waiver by defense counsel is *not* sufficient.

Because the trial court failed to follow this required procedure, we reverse the conviction and remand for a new trial.[5]

*So ordered.*

---

5. Because "the transcript appears to have captured *in toto* the proceedings during which appellant might have waived his right to trial by jury," *Payne v. United States, supra* at 802 n.4, we deem unwarranted a remand solely to explore the waiver question and instead order a new trial. *Id.*