Eugene JACKSON, Appellant,

v.

UNITED STATES, Appellee.

No. 84–811.

District of Columbia Court of Appeals.

Submitted Oct. 9, 1985.

Decided Nov. 7, 1985.

L. Robert Miller, appointed by this court, was on the brief for appellant.

Joseph E. diGenova, U.S. Atty., Michael W. Farrell, Thomas J. Tourish, Jr., and Fred Grabowsky, Asst. U.S. Attys., Washington, D.C., were on the brief for appellee.

Before PRYOR, Chief Judge, NEWMAN, Associate Judge, and PAIR, Senior Judge.

PER CURIAM:

In this appeal, we must decide whether the failure of the trial court to obtain from Jackson a written waiver of his right to a jury composed of 12 persons—required by Super.Ct.Crim.R. 23(b)—compels reversal of his conviction where the record shows a knowing, intelligent, expressed oral waiver by Jackson in open court. We answer that it does not, and affirm Jackson's conviction.[1]

Jackson was tried and convicted of possessing heroin. During jury deliberations, one juror became ill. The court then conducted the following colloquy with Jackson:

THE COURT: Do you understand that you are constitutionally or statutorily entitled to a verdict of 12 jurors?

THE DEFENDANT: Yes, I do.

THE COURT: But at this time, after consultation with your attorney, you wish to give up that right and to accept a unanimous verdict of 11 jurors?

THE DEFENDANT: Yes.

THE COURT: You would prefer to do that rather than to have me call back the alternate in seat Number 9?

THE DEFENDANT: Yes.

THE COURT: All right. Do you have any questions?

THE DEFENDANT: No, sir.

THE COURT: Do I gather and understand then that you will not change your mind and desire to attack this process and to accept a unanimous verdict of 11 jurors no matter whether they are guilty or innocent?

THE DEFENDANT: No matter whether it is innocent or guilty. I will accept the verdict of 11.

THE COURT: You will accept the decision of the 11?

---

1. We find that Jackson's other claims of error do not warrant extended discussion. Specifically, we hold: (1) that the evidence was sufficient to sustain the conviction; see Hall v. United States, 454 A.2d 314, 317 (D.C.1982), and (2) that the trial court did not err in denying Jackson's post-trial motion predicated on alleged jury prejudice. See Hammond v. United States, 345 A.2d 140, 141 (D.C.1975).

THE DEFENDANT: Yes, sir.

Federal courts, construing FED.R.CRIM.P. 23(b) (which is substantially the same as Super.Ct.Crim.R. 23(b))[2] have held that where the record shows a knowing, intelligent, voluntary and expressed oral waiver, the failure to obtain a written waiver does not result in reversal of the conviction. *See, e.g., United States v. Ricks,* 155 U.S. App.D.C. 57, 475 F.2d 1326, 1328 (1973); *United States v. Spiegel,* 604 F.2d 961, 964 n. 7 (5th Cir.1979); *United States v. Smith,* 523 F.2d 788, 791 (5th Cir.1975); *compare United States v. Guerrero-Peralta,* 446 F.2d 876, 877 (9th Cir.1971) (no constitutional requirement that waiver be in writing). We agree with the holding of those cases.[3]

As we have done on prior occasions with respect to Section (a) of Super.Ct.Crim.R. 23,[4] *see Jackson v. United States, supra,* and *Hawkins v. United States, supra,* in the exercise of our supervisory jurisdiction, we direct that the Superior Court comply with the mandates of section (b) of that Rule.

*Affirmed.*

**2.** FED.R.CRIM.P. 23(b) is as follows:

Jury of Less Than Twelve. Juries shall be of 12 but at any time before verdict the parties may stipulate in writing with the approval of the court that the jury shall consist of any number less than 12 or that a valid verdict may be returned by a jury of less than 12 should the court find it necessary to excuse one or more jurors for any just cause after trial commences. Even absent such stipulation, if the court finds it necessary to excuse a juror for just cause after the jury has retired to consider its verdict, in the discretion of the court a valid verdict may be returned by the remaining 11 jurors.

Super.Ct.Crim.R. 23(b) is as follows:

JURIES OF LESS THAN TWELVE. Juries shall be of *twelve* (12) but at any time before verdict the parties may stipulate in writing with the approval of the Court that the jury shall consist of any number less than *twelve* (12) or that a valid verdict may be returned by a jury of less than *twelve* (12) should the Court find it necessary to excuse one or more jurors for any just cause after trial commences.

**3.** Our decisions in such cases as *Hawkins v. United States,* 385 A.2d 744 (D.C.1978); *Hicks v. United States,* 296 A.2d 615 (D.C.1972); *Gregory v. United States,* 271 A.2d 791 (D.C.1970); and *Jackson v. United States,* 262 A.2d 106 (D.C. 1970), construing the written waiver requirement of Super.Ct.Crim.R. 23(a) (waiver of the right to trial by jury) are not in conflict with this holding. In those cases, we sustained convictions where the record showed an oral waiver which satisfied the standard of *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1937) ("an intentional relinquishment or abandonment of a known right or privilege") and reversed when it did not; the absence of a written waiver was not outcome determinative.

**4.** Super.Ct.Crim.R. 23(a) is as follows:

(a) TRIAL BY JURY. Cases required to be tried by jury shall be so tried unless the defendant in open court orally and in writing waives a jury trial with the approval of the court and the consent of the prosecuting officer.