**Terri Elizabeth LITTLE, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 93–CM–1146.**

District of Columbia Court of Appeals.

Argued Sept. 12, 1995.

Decided Oct. 12, 1995.

Benjamin B. Klubes, Washington, DC, for appellant. Roberto Iraola and Barry Coburn, Washington, DC, filed a brief for appellant.

Paul A. Quander, Jr., Assistant United States Attorney, with whom Eric H. Holder, Jr., United States Attorney, and John R. Fisher, and Michael F. Tubach, Assistant United States Attorneys, were on the brief, for appellee.

Before: STEADMAN and REID, Associate Judges, and MACK, Senior Judge.

REID, Associate Judge:

Appellant, who was found guilty of simple assault after a bench trial, seeks a new trial on the ground that she did not knowingly and voluntarily waive her right to a jury trial. In the alternative, she argues that she

---

was illegally placed on unsupervised probation for one year because the trial court did not actually impose a sentence. The court suspended imposition of sentence and placed her on one year of unsupervised probation. For her alternative remedy, she asks that the portion of her sentence placing her on unsupervised probation be stricken. We conclude that appellant knowingly and voluntarily waived her right to trial by jury. We decline to address her alternative argument on the ground that it is not properly before this court. We affirm the decision of the trial court.

## I.  FACTUAL SUMMARY

On May 14, 1992, appellant Terri Little was charged with simple assault, a violation of D.C.Code § 22–504. After a bench trial, held on January 8, 1993, Ms. Little was found guilty and, on the same day, the trial court suspended imposition of sentence and placed Ms. Little on unsupervised probation for one year. On April 7, 1993, Ms. Little filed a motion requesting that the trial court vacate her sentence and resentence her so that she could file a timely appeal.[1] Her motion did not mention the grounds on which she now appeals: 1) she did not knowingly and voluntarily waive her right to a jury trial; and 2) the trial court illegally placed her on one year of unsupervised probation.

The assault charge against Ms. Little and the appeal of her conviction stem from the following. On Sunday, August 11, 1991, Ms. Little went to the Union Wesley A.M.E. Zion Church to speak with the complaining witness, Ms. Zondi Bears–Datcher. Ms. Little testified that she went to the church to relay a message to Ms. Bears–Datcher from her estranged husband who at the time was incarcerated. Ms. Little claimed to be Mr. Datcher's friend. The two women became involved in an altercation at the church and had to be separated. Their trial accounts of what happened differed. Ms. Bears–Datcher claimed that she was physically assaulted by

Ms. Little without provocation, and that she received scratches and bruises on her body. Ms. Little asserted that Ms. Bears–Datcher was the aggressor who grabbed her hair. The trial court resolved the conflicting testimony in favor of the complaining witness, Ms. Bears–Datcher.

Prior to the bench trial on January 8, 1993, the court posed questions to Ms. Little concerning her right to a jury trial since no waiver had been filed. The court asked: "You understand, Ms. Little, you have a right to a jury trial on this charge?" Ms. Little responded: "Yes." The trial judge then said: "I understand you want to give up that right and have a trial before the Judge, is that right?" Ms. Little replied: "Yes." Ms. Little then signed a waiver form. Later, on the same day and prior to trial, the court stated: "I believe everyone signed the waiver form for—that is a waiver for a trial by jury." When both counsel for the United States and for Ms. Little answered in the affirmative, the court asked: "Both sides consent to that?" Counsel for the United States said: "Yes, sir." Counsel for Ms. Little did not respond separately, but did not raise any question about the waiver before or after trial.

After finding Ms. Little guilty as charged, the trial court suspended imposition of sentence and placed her on unsupervised probation for one year. The probation was conditioned on Ms. Little not having any contact with Ms. Bears–Datcher.

## II.  THE WAIVER OF JURY TRIAL ISSUE

■ The first issue to be decided is whether Ms. Little knowingly and voluntarily waived her right to trial by jury when she signed the written waiver form and answered "yes" to the trial court's two questions regarding trial by jury. Under the District of Columbia Code § 16–705(a) (1989) a defendant in a criminal case must expressly waive the right to trial by jury.[2] Super.Ct.Crim.R.

---

1. Appellant asserted that her counsel had been ineffective in failing to file a notice of appeal.

2. D.C.Code § 16–705(a) provides:

In a criminal case tried in the Superior Court in which, according to the Constitution of the United States, the defendant is entitled to a jury trial, the trial shall be by jury, unless the defendant in open court expressly waives trial

23(a) specifies: that if the defendant waives the right, it must be done both "orally and in writing" and the waiver must take place "in open court."[3]

Prior cases provide guidance concerning the effectiveness of an oral waiver. In *Jackson v. United States*, 262 A.2d 106 (D.C. 1970), this court held that a defendant must personally waive the right to trial by jury. However, the court declined to specify "the precise form of inquiry that should be made of the defendant since the trial judges must have some flexibility, within the outline laid down by the statute, to deal with the varying circumstances of each case," *Id.* at 109. Despite the flexibility given the trial judge with respect to the waiver, "[t]he oral waiver should be preceded by a meaningful dialogue between the judge and the defendant in which the judge is persuaded that the defendant has elected voluntarily and knowingly to waive that right," *Lopez v. United States*, 615 A.2d 1140, 1146 (D.C.1992) (citing *Hawkins v. United States*, 385 A.2d 744, 747 (D.C. 1978)).

The trial court did not engage in much of a dialogue with Ms. Little. It posed two questions: 1) "You understand, Ms. Little, you have a right to a jury trial on this charge?" and 2) "I understand you want to give up that right and have a trial before the Judge, is that right?" The only word which Ms. Little uttered in reply to both questions was: "Yes." She contends that the "meaningful dialogue" required by *Lopez* never took place in her case. However, Ms. Little, who was represented by counsel and who is a college graduate, personally signed a written waiver of trial by jury.

The written waiver contained the following explanation: "1) You have a right to trial by either the Court or a jury on the charge(s) listed above. 2) Trial by jury means that a jury will decide the facts of your case with instructions from the Court on the law, and the jury will decide your guilt or innocence. 3) Trial by the Court means that a judge, by himself, will decide the facts, the law, and your guilt or innocence. 4) If you waive your right to trial by jury, you will be tried by the Court." Ms. Little personally signed the waiver.

Ms. Little, who graduated from a college in which the English language is the means of communication, worked as an occupational therapist. In that regard, she is unlike the defendant in *Lopez v. United States, supra*, a native of Honduras who had only five years of formal education, did not understand English and worked as a janitor. Ms. Little's situation also differs from that of the defendant in *Payne v. United States*, 292 A.2d 800 (D.C.1972), a case in which there was no written waiver and in which the defendant's lawyer requested trial by the court but defendant said nothing about waiving his right to a jury trial.

Although the trial court's inquiry concerning Ms. Little's waiver was brief, we conclude that it was minimally sufficient to meet the requirements of a personal knowing and voluntary waiver and a meaningful dialogue between the judge and the defendant regarding the waiver of trial by jury. No precise form of inquiry is necessary; the trial judge must have "flexibility ... to deal with the varying circumstances of each case." *Jackson, supra*, 262 A.2d at 109. The judge asked Ms. Little, a college graduate, two questions which distinguished between trial by jury and trial by the court. The judicial inquiry was concise, precise and clear. In addition, the trial judge took care to confirm that Ms. Little signed the written explanatory waiver of jury trial form. At no time during the trial proceedings did Ms. Little give any hint that her jury trial waiver was neither knowing nor voluntary.[4] There is simply no evi-

---

by jury and requests trial by the court, and the court and the prosecuting officer consent thereto. In the case of a trial without a jury, the trial shall be by a single judge, whose verdict shall have the same force and effect as that of a jury.

3. Super.Ct.R. 23(a) reads:
Cases required to be tried by jury shall be so tried unless the defendant in open court orally

and in writing waives a jury trial with the approval of the Court and the consent of the prosecuting officer.

4. Indeed, even on appeal, Ms. Little makes no claim that she did not understand her right to a trial by jury or otherwise indicate how her waiver was not knowing and voluntary. It is true that in *Lopez*, the appellant likewise made no specific assertions, but there, the trial record

dence in the record to support her contention that she was unlawfully denied her right to a jury trial.

### III. THE LEGALITY OF APPELLANT'S SENTENCE

 Appellant's second issue concerns the legality of the trial court's imposition of one year of unsupervised probation. Appellant contends that the trial court had no authority under D.C.Code § 16–710(a) to order probation after suspending imposition of sentence. Ms. Little has now completed the one year of unsupervised probation. Moreover, she did not raise any questions in the trial court regarding the legality of her sentence. Nor did she ever file a motion to vacate an illegal sentence.

Despite Ms. Little's failure to raise any question about her sentence in the trial court, the government asks us to resolve the issue as to whether a trial judge may place a defendant on probation without imposing sentence because this practice is prevalent in the Superior Court. We decline to rule on this issue based on the record before us. The trial court has never addressed the issue.

In *Miller v. Avirom,* 127 U.S.App.D.C. 367, 369–70, 384 F.2d 319, 321–22 (1967) (footnotes omitted) the court said:

> In our jurisprudential system, trial and appellate processes are synchronized in contemplation that review will normally be confined to matters appropriately submitted for determination in the court of first resort. Questions not properly raised and preserved during the proceedings under examination, and points not asserted with sufficient precision to indicate distinctly the party's thesis, will normally be spurned on appeal.

Appellant candidly admitted during oral argument that the legality of sentence issue never was presented to the trial court.[5] We are constrained to avoid decision on an issue

which has never been aired before the trial court. Accordingly, the conviction on appeal is

*Affirmed.*

---

itself demonstrated reasons to be concerned about the validity of the waiver. Nothing in the trial record here suggests any reason for such a concern.

5. Under Super.Ct.Crim.R. 35(a): a motion to correct an illegal sentence may be brought "at any time."