DAVID T. WILENTZ, ATTORNEY-GENERAL, INFORMANT, v. CYRIL J. GALVIN, JOHN H. COOPER, CYRUS W. LUNN AND ASHLEY B. CARRICK, RESPONDENTS.

Argued October 21, 1940—Decided October 28, 1940.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and PERSKIE.

For the informant, *J. Emil Walscheid.*

For the respondents, *John Drewen.*

The opinion of the court was delivered by

PARKER, J.   The fundamental question in this case relates to the right, if any, of the respondents to hold office as judges respectively of the First, Second, Third and Fourth Criminal Judicial District Courts of Hudson county which the legisla-

ture undertook to create by chapter 201, *Pamph. L.* 1940, passed October 2d, 1940, and to exercise the jurisdiction conferred by this and its companion statutes, Nos. 199 and 200.

There are three separate acts directly and indirectly involved. The first to be mentioned is chapter 200, which amends sections 2:212-1, &c., of the Revised Statutes relative to Criminal Judicial District Courts.

This statute amends former legislation on the subject merely altering the requirements as regards the makeup of the judicial districts, and also by providing that the judge shall be elected by the legislature in joint session instead of being appointed by the governor with the advice of the senate. There are other changes which need no special mention at this time.

Chapter 200 further provides that each Criminal Judicial District Court shall have jurisdiction to try and determine in a summary way all cases for any and all violations of cer- . tain sections of the Revised Statutes: *R. S.* 19:34-6, 19:34-7, 19:34-11, 19:34-12, 19:34-13, 19:34-15, 19:34-28, 19:34-38 (Election law).

Chapter 199 amends a number of sections of the Election law, and the important feature of this statute is that it undertakes to transform into disorderly conduct a number of offenses against the Election law which heretofore have been regarded as criminal in character and punishable after indictment and conviction by a jury.

The cases were argued orally and counsel have briefed the matters in controversy very fully. The essential feature of the legislation, apart from the creation of these Criminal Judicial District Courts in Hudson county, is contained in chapter 199 which, as we have already observed, undertakes to transform certain offenses against the Election law, heretofore treated as misdemeanors and to be punished after indictment and jury trial resulting in a conviction, into mere cases of disorderly conduct which are to be tried by the Criminal Judicial District Courts in a summary way and without intervention of a jury. *State* v. *Rodgers,* 90 *N. J. L.* 60; reversed in 91 *Id.* 212. In that case the offense of driving an automobile while intoxicated was considered by the Court

of Errors and Appeals to be within the class of cases to be treated as disorderly conduct and prosecuted in a summary way. But as we go over the various offenses described in chapter 199, we come to the conclusion that with a few exceptions, which may be fairly regarded as insignificant, all the offenses mentioned in that chapter are of the character which constitutes offenses at the common law and which necessarily, by virtue of the constitutional provisions must be punished after indictment and trial by jury. This the respondents conceded at the oral argument. Among these provisions are the amendment of section 19:34-6 (obstructing or interfering with polling place or voter); 19:34-7 (violation of ballot regulations); 19:34-11 (fraudulent voting; interference with election or canvass); 19:34-12 (attempt to cast illegal vote); 19:34-13 (attempts by election officers to discover how voter voted); 19:34-15 (electioneering; within or about polling place); 19:34-28 (threatening or intimidating voter); 19:34-38 (certain expenditures prohibited).

In all those cases the statute provides that the guilty party shall be adjudged a disorderly person, although it is manifest that the offenses in question are all substantially crimes against the fair and honest conduct of an election; they affect the body politic and society generally, and as such were indictable at common law. Heretofore they have been so regarded by the legislature and were punishable accordingly.

We think enough has been said to illustrate the general substance of this legislation, and to show that what is intended is to remove the whole matter of fraudulent conduct at election—which goes to the essence of a popular government—into the sphere of disorderly conduct punishable summarily without indictment or without jury trial.

Our conclusion, therefore, as regards chapter 199, is that it is invalid as contrary to the constitution in such large measure as to require this court to declare it unconstitutional *in toto*. It may well be true that as regards some of the offenses specifically mentioned in that act, they may be considered as within the domain of disorderly conduct, and to that extent not unconstitutional; but as we understand it, the law is settled that while the same statute may be in part

constitutional and in part unconstitutional, if the different parts of the act are so intimately connected with and dependent upon each other as to warrant a belief that the legislature intended them as a whole, and that if all could not be carried into effect the legislature would not have passed the residue independently, and some parts are unconstitutional, all the provisions which are thus dependent upon each other must fall. *Riccio* v. *Hoboken*, 69 *N. J. L.* 649; *Johnson* v. *State*, 59 *Id.* 535; *McCran* v. *Ocean Grove*, 96 *Id.* 158, 164.

In the light of the foregoing it follows that there must likewise fall the exclusive jurisdiction conferred upon these Criminal Judicial District Courts to try and determine any and all violations of the Election law enumerated in chapter 200, viz., 19:34-6, 19:34-7, 19:34-11, 19:34-12, 19:34-13, 19:34-15, 19:34-28, and 19:34-38. To the extent thus stated, the act is invalid.

As to chapter 201, laws of 1940, we find it is free from constitutional inhibition.

The information is filed to determine by what right these respondent judges hold office. Necessarily the jurisdiction conferred was a matter for consideration. The balance of the jurisdiction conferred, except such as has hereinabove been declared to be invalid, inheres in these judges by virtue of the several legislative enactments, and to that extent the demurrers are sustained.