STATE OF NEW JERSEY, PLAINTIFF, v. WILLIAM REMBERT, DEFENDANT.

Bergen County Court
Law Division

Decided June 10, 1952.

Mr. *Ellis M. Kopp*, Deputy Attorney-General, for the State.

Mr. *Hubert J. Franklin* for the defendant (*Messrs. Frank-lin & Franklin*, attorneys).

DEL MAR, J. C. C. The defendant was convicted in a summary hearing in the Municipal Court of the Borough of Wallington, for a violation of *N. J. S.* 2A:170–26 (approved December 5, 1951; effective January 1, 1952). From this conviction he appealed to this court and moved for an acquittal on the ground that the aforesaid statute is unconstitutional in that it deprives an accused of the right to be indicted by a grand jury and tried by a petit jury, which rights are guaranteed by the provisions of the *N. J. Constitution of* 1947, *Art. I, par.* 8.

*Art. I, par.* 8, *N. J. Const.* 1947, provides:

"No person shall be held to answer for a criminal offense, unless on the presentment or indictment of a grand jury, except in cases of impeachment, or in cases now prosecuted without indictment, or arising in the army or navy or in the militia, when in actual service in time of war or public danger."

Both parties concede that the procedure provided for the enforcement of the Disorderly Persons Act is summary in character.

■■ Assault and battery are common law crimes. Therefore, insofar as the Disorderly Persons Act authorizes a conviction of a person guilty of either crime in a summary manner without his consent, it is unconstitutional. The following cases illustrate this principle:

*Disorderly house*—*State v. Anderson,* 40 *N. J. L.* 224 (*Sup. Ct.* 1878); *Meyer v. State,* 42 *N. J. L.* 145 (*E. & A.* 1880); *Atlantic City v. Rollins,* 76 *N. J. L.* 254 (*Sup. Ct.* 1908); *State v. Green,* 96 *N. J. L.* 434 (*Sup. Ct.* 1921).

*Assault*—*Assault with Intent to Kill, Assault with Deadly Weapons*—*Blazier v. Keffer,* 79 *N. J. L.* 252 (*Sup. Ct.* 1910).

*Fraudulent Conduct at Elections*—*Wilentz v. Galvin,* 125 *N. J. L.* 455 (*Sup. Ct.* 1940).

*Assault and Battery*—*Richardson v. State Board, &c.,* 99 *N. J. L.* 516 (*E. & A.* 1924).

*Public Nuisance*—*Everingham v. Millville,* 3 *N. J. Misc.* 293 (*Sup. Ct.* 1925); *Hedden v. Hand,* 90 *N. J. Eq.* 583 (*E. & A.* 1919).

*Murder—In re Mei,* 122 *N. J. Eq.* 125 (*E. & A.* 1937).
The *Richardson* case, *supra,* is precisely in point.

The matter of right to trial by jury under the 1947 Constitution was thoroughly reviewed in the recent case of *Montclair v. Stanoyevich,* 6 *N. J.* 479 (1951), which see.

In passing, it should be noted that the defendant could be prosecuted under *N. J. S.* 2A:85–1.

The complaint is accordingly dismissed and the proceedings before the magistrate are for nothing holden.