**Howard GAITHOR, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 4686.**

District of Columbia Court of Appeals.

Argued Dec. 17, 1968.

Decided March 21, 1969.

F. David Lake, Jr., Washington, D. C., for appellant.

William M. Cohen, Asst. U. S. Atty., with whom David G. Bress, U. S. Atty., Frank Q. Nebeker and Clarence A. Jacobson, Asst. U. S. Attys., were on the brief, for appellee.

Before MYERS, FICKLING and KERN, Associate Judges.

FICKLING, Associate Judge:

Appellant was convicted by the trial court, sitting without a jury, of solicitation for an immoral or lewd purpose (*i. e.,* ora[1]

sodomy) in violation of D.C. Code 1967, § 22–2701.[1] Appellant's request for a jury trial was denied, and the only issue before us is whether appellant had a right to a trial by jury.[2] We hold that he did not have such a right.

■■■ In determining whether an offense is triable by jury, the courts look to the nature of the offense and the severity of the penalty imposed.[3] If the offense was of a nature indictable at common law and thus tried by jury, that offense is triable by jury under the Constitution.[4] Similarly, the right to a trial by jury must be afforded in those criminal offenses providing a penalty so severe that it gives such offenses the character of a common law crime or of a major offense.[5]

Appellant contends that the act for which he was convicted was punishable at common law as solicitation for sodomy and, since that act was an indictable offense tried by a jury at common law, his right to a jury trial is guaranteed under the Constitution even though the D.C. Code punishes the offense as solicitation for immoral or lewd purpose.[6]

■■■ Appellant would be entitled to a jury trial if solicitation for *oral* sodomy was an indictable offense at common law.[7] However, the common law definition of sodomy did not embrace *fellatio*, which today is generally included in the statutory definition of sodomy.[8] At common law a distinction was made between sodomy per os (oral sodomy) and sodomy per anus. Rex v. Jacobs, 1 Russ. & Ry. 331 (1817), specifically held that sodomy per os did not constitute the offense of sodomy.[9] Therefore, the common law offense of solicitation for sodomy would not include solicitation for oral sodomy.

Appellant cites no authority, and our search has not revealed any, stating that *fellatio* or the solicitation of it was an indictable offense at common law. Nor does

1. D.C.Code 1967, § 22–2701 provides:
 "It shall not be lawful for any person to invite, entice, persuade, or to address for the purpose of inviting, enticing, or persuading, any person or persons sixteen years of age or over in the District of Columbia, for the purpose of prostitution, or any other immoral or lewd purpose, under a penalty of not more than $250 or imprisonment for not more than ninety days, or both."

2. D.C.Code 1967, § 16–705 provides:
 "(a) In a criminal prosecution within the jurisdiction of the Court of General Sessions in which, according to the Constitution of the United States, the accused would be entitled to a jury trial, the trial shall be by jury, * * *
 "(b) In any case where the accused would not by force of the Constitution of the United States be entitled to a trial by jury, the trial shall be by the court without a jury, unless it is a case wherein the fine or penalty may be more than $300, or imprisonment as punishment for the offense may be more than ninety days and the accused demands a trial by jury. In the latter case the trial shall be by jury."

3. District of Columbia v. Clawans, 300 U.S. 617, 57 S.Ct. 660, 81 L.Ed. 843 (1937);

District of Columbia v. Colts, 282 U.S. 63, 51 S.Ct. 52, 75 L.Ed. 177 (1930); Callan v. Wilson, 127 U.S. 540, 8 S.Ct. 1301, 32 L.Ed. 223 (1888).

4. *Id.*

5. Cheff v. Schnackenberg, 384 U.S. 373, 86 S.Ct. 1523, 16 L.Ed.2d 629 (1966); Clawans, *supra* n. 3.

6. There is authority for the proposition that the legislature cannot eliminate the right to a jury trial merely by changing the name of the offense. *See*, e. g., State v. Rembert, 21 N.J.Super. 100, 90 A.2d 544 (1952); Wilentz v. Galvin, 125 N.J.L. 455, 15 A.2d 903 (1940).

7. There is no dispute that appellant's specific acts constituted soliciting for oral sodomy or *fellatio*.

8. *See*, e .g., D.C.Code 1967, § 22–3502.

9. Although the decision in Rex v. Jacobs has been severely criticized by almost every court subsequently confronted with this distinction, it has been generally recognized that sodomy per os was not sodomy at common law. A discussion of many of these cases may be found in State v. Morrison, 25 N.J.Super. 534, 96 A.2d 723 (1953).

it appear that solicitation for an immoral or lewd purpose was either an indictable or a petty offense at common law.[10]

D.C. Code 1967, § 22–2701, *supra* n. 1, proscribes two criminal offenses: solicitation for prostitution and solicitation for immoral or lewd purposes. In Bailey v. United States, 69 U.S.App.D.C. 25, 98 F. 2d 306 (1938), the same question before us in the instant case—the right to a jury trial—was raised on appeal from a conviction for solicitation for prostitution. The court found that solicitation for prostitution was not an indictable offense at common law and held that neither the nature of the offense nor the penalty provided[11] brought it within the constitutional guarantee of a jury trial.

 Since the two offenses in § 22–2701 are punished by the same statutory provision, it is apparent that they are of the same nature, *i. e.,* as stated in *Bailey, supra,* petty offenses and therefore they may be tried by the court. The court in Kelly v. United States, 90 U.S.App.D.C. 125, 128, 194 F.2d 150, 154 (1952), stated that, although in the practical world of everyday living solicitation for an immoral or lewd purpose is a major accusation, "technically [it] is *a minor misdemeanor* and in the catalog of crimes is graded as *less serious than reckless driving.*"[12] (Emphasis supplied.)

We find no error.

Affirmed.

10. *See generally* Anderson, Wharton's Criminal Law and Procedure (1957); Renton and Williams, Mews' Digest of English Case Law (2d ed. 1925); Bishop on Criminal Law (9th ed. 1923); Craies and Kershaw, Russell on Crimes and Misdemeanors (7th Eng. ed. 1910); Cooley, Blackstone's Commentaries on the Laws of England (2d ed. 1872); Bacon, Abridgement of the Law (1852); East, Pleas of the Crown (1803); Hawkins, Pleas of the Crown (Leach ed. 1777). Several authorities have relied on Hawkins' treatise for the proposition that common law did not distinguish between sodomy per os and sodomy per anus. However, Hawkins' treatise was publish-

ed many years prior to the case of Rex v. Jacobs, *supra.*

11. Since the penalty provided by § 22–2701 is the same for both offenses, the holding in *Bailey* is dispositive of the question whether the punishment is so severe as to make the offense a major crime which would entitle a defendant to a jury trial.

12. Reckless driving in violation of the District of Columbia Traffic Act carried a constitutional right to a jury trial even though the maximum punishment for a first offender was a $100 fine or thirty days in jail. District of Columbia v. Colts, *supra* n. 3.