Carlton BANKS, Appellant,

v.

UNITED STATES, Appellee.

No. 5028.

District of Columbia Court of Appeals.

Argued Oct. 27, 1969.

Decided Feb. 17, 1970.

John A. Keats, Washington, D. C., appointed by this court, for appellant.

James L. Lyons, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., and John A. Terry and Daniel Harris, Asst. U. S. Attys., were on the brief, for appellee.

Before FICKLING, KERN and GALLAGHER, Associate Judges.

PER CURIAM:

Appellant was convicted by a judge sitting without a jury on two counts of false pretenses, D.C.Code 1967, § 22–1301, and sentenced on each to 270 days in prison to run consecutively. The only contention raised on appeal that we feel warrants discussion is the claim that the record fails to disclose a valid waiver by appellant of his constitutional right to a jury trial. *See* D.C.Code 1967, § 16–705(a). As was the case in Jackson v. United States, D.C. App., 262 A.2d 106, the transcript of the trial contains no waiver "in open court"; all that appears concerning what occurred on the day of trial is an entry on the back of the information reading "Jury Trial Demand Withdrawn". However, contrary to *Jackson,* we also have before us the transcript of a prior hearing in this case. Appellant's counsel stated that appellant wished to plead guilty, and the trial judge began to interrogate appellant to determine if that was his informed choice. The judge stated to him:

> [I]f you plead guilty *you waive your right to trial by the Court or jury.* (Emphasis supplied).

It then became clear that appellant did not desire to confess guilt, but felt that entering a plea was the only way he could get

out of jail immediately. His counsel [1] pointed out:

> Now, he changes his mind and wants to plead not guilty and have a trial. *We are going to have to request another jury date.* (Emphasis supplied.)

We note that appellant does not now allege that no waiver took place but only that the record is deficient in failing to contain evidence of such waiver. We believe that the discussion in open court at the first hearing about a jury trial for appellant and the official court entry on the information itself cured the absence from the transcript of any waiver. The subsequent failure of appellant or his counsel to object to proceeding through a trial without a jury, in the context of the prior hearing, convinces us that a valid unreported waiver occurred. *Cf.* Eliachar v. United States, D.C.App., 229 A.2d 451 (1967). We therefore find it unnecessary to remand for further proceedings. We point out that the trial court is responsible for seeing to it by inquiry of the defendant himself that he understands and knowingly and voluntarily waives his right to trial by jury. The trial judge must also assure that such waiver is contained in the record as it occurred rather than merely as a rubber-stamp entry on the back of an information. *See Jackson, supra.*

Affirmed.

---

1. The same counsel represented appellant at both hearings.