Robert D. SPARKS, Appellant,

v.

UNITED STATES, Appellee.

No. 9510.

District of Columbia Court of Appeals.

Argued Nov. 19, 1975.

Decided May 20, 1976.

---

Charles H. Schulze, Washington. D. C., for appellant.

Bernard J. Panetta II, Asst. U. S. Atty., for appellee. Earl J. Silbert, U. S. Atty., John A. Terry, Henry H. Kennedy, Jr., and Mary H. Weiss, Asst. U. S. Attys., Washington, D. C., were on the brief for appellee.

Before KELLY, FICKLING and HARRIS, Associate Judges.

FICKLING, Associate Judge:

Appellant was convicted after a trial by jury of assault in violation of D.C.Code 1973, § 22–504, and placed on supervised probation for one year. The issue presented on appeal is whether the trial judge erred by requiring a jury trial of appellant's case after appellant's request for a nonjury trial had been previously granted. We reverse.

The assault for which appellant was convicted occurred on March 19, 1974. Formal charges were brought by the government eight months later. During the eight-month interval between the incident and the filing of the information, a number of meetings were held concerning the disposition of appellant's case. These meetings were attended by appellant, his counsel, and representatives of the office of the United States Attorney.[1] On November 13, 1974, after the last of these meetings, an information charging assault was filed. On the same date, appellant was arraigned on the charge.

A reading of the transcript of the arraignment shows that appellant, through counsel, entered a plea of not guilty and requested a nonjury trial. The arraigning judge set a date for a nonjury trial. The government stated that it had no objection.[2]

---

1. Apparently, the case was considered controversial as it involved an alleged assault by a white police officer upon a black citizen.

2. [DEFENSE COUNSEL]: Your Honor, I would like to enter a plea of not guilty, request a nonjury trial.

THE COURT: For what date—

[DEFENSE COUNSEL]: Any date during the first week in January for the convenience of the Court, Your Honor.

[UNIDENTIFIED]: January 7th, Your Honor.

On January 22, 1975, the date set for the nonjury trial, the government requested that the case be tried by a jury rather than the court, stating that "the Government will not consent to a waiver of jury trial." The trial judge inquired into the reasons for the government's request, and the following colloquy ensued:

[GOVERNMENT COUNSEL]: Your Honor, this is a case involving an officer, Mr. Robert Sparks. It is a case the Government would contend of some brutality on the part of Mr. Sparks.

THE COURT: Against some police officer or because Mr. Sparks is a police officer? You say Mr. Sparks is an officer?

[GOVERNMENT COUNSEL]: Yes, I do. Mr. Sparks is the defendant in this case. The Government feels that this is a case that is perfect for a jury to decide, twelve persons on a jury.

THE COURT: Would you run that by me again?

[GOVERNMENT COUNSEL]: The Government contends that this case is one that because of the circumstances surrounding this case, that a jury would be the most appropriate vehicle for trial of this case.

THE COURT: Because?

[GOVERNMENT COUNSEL]: Because of the nature of the case.

THE COURT: Yes. What is peculiar about the nature of the case?

[GOVERNMENT COUNSEL]: It involves an officer of the Metropolitan Police Department assaulting a citizen of this community. I have no further representation than that, Your Honor.

Over objection from appellant's counsel, the court ruled in favor of the government. In granting the government's request for a jury trial, the trial judge opined that, due to its bureaucratic nature, the government could not be expected to be prepared at arraignment to oppose a jury trial waiver. Appellant was convicted after a jury trial and this appeal followed.

Appellant contends that at arraignment he waived his right to a jury trial with the consent of both the government and the court, and that, thereafter, the trial court abused its discretion in allowing the government to withdraw its previous consent. We agree.

Pursuant to D.C.Code 1973, § 16–705 (a),[3] and Super.Ct.Cr.R. 23(a),[4] an accused may waive his constitutional right to a trial by jury only if the government and the court consent to such a waiver.[5] In the instant case, based on a reading of

---

THE COURT: Alright then.
[UNIDENTIFIED]: This is a nonjury trial—
The court, after questioning appellant about his residence, asked:
THE COURT: Anything from the Government?
THE GOVERNMENT: No objections, Your Honor from the Government.

3. D.C.Code 1973, § 16–705(a), provides in pertinent part:
In a criminal case tried in the Superior Court in which, according to the Constitution of the United States, the defendant is entitled to a jury trial, the trial shall be by jury, unless the defendant in open court expressly waives trial by jury and requests trial by the court, and the court and the prosecuting officer consent thereto. . . . .

4. Super.Ct.Cr.R. 23(a) provides:
Trial by Jury. Cases required to be tried by jury shall be so tried unless the defendant in open court orally and in writing waives a jury trial with the approval of the court and the consent of the prosecuting officer.

5. The constitutionality of attaching these conditions of consent to waiver of the right to jury trial was upheld in *Singer v. United States*, 380 U.S. 24, 85 S.Ct. 783, 13 L.Ed. 2d 630 (1965). In view of the disposition reached in the instant case, we need not discuss the contention by appellant that *Singer* was overruled *sub silentio* by *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed. 2d 562 (1975).

the transcript of the arraignment proceeding,[6] we conclude that the government consented to appellant's request for a nonjury trial.

In so concluding, we reject the government's contention that it was only consenting to the entry of the not guilty plea and the scheduled trial date. Such a selective interpretation of the record is unwarranted and unreasonable. The only reasonable inference that can be drawn from the government's statement, "No objections, Your Honor from the Government," is that the government was thereby acquiescing to *all* that immediately preceded.

■ We also reject the government's contention that the arraignment judge lacked authority under Super.Ct.Cr.R. 10 and 109[7] to accept a jury trial waiver and set the case for a nonjury trial. We hold that pursuant to D.C.Code 1973, § 16–705(a), the arraigning judge was authorized both to accept appellant's jury trial waiver and to set the case for a nonjury trial. This is so because an arraignment is an open court proceeding[8] presided over by a Superior Court judge, who sets trial dates for both jury and nonjury trials.[9] We find nothing in Super.Ct.Cr.R. 10, 109, or 23(a), which would mandate a contrary result. Moreover, we note that this holding comports with accepted practice in this jurisdiction. *See United States v. Kelly*, D.C. App., 285 A.2d 694, 696 (1972); *Banks v. United States*, D.C.App., 262 A.2d 110, 111 (1970).

■ Finally, we refuse to consider the government's contention, raised for the first time on appeal, that appellant failed at arraignment to effectively waive his right to a jury trial. Specifically, the gov-

---

6. *See* note 2 *supra*.

7. Super.Ct.Cr.R. 10 provides:
   Arraignment shall be conducted in open court and shall consist of reading the indictment or information to the defendant or stating to him the substance of the charge and calling on him to plead thereto. He shall be given a copy of the indictment or information before he is called upon to plead.
   Super.Ct.Cr.R. 109 provides:
   Arraignments in Misdemeanor Cases and Presentments
   (a) Duties. The chief judge, or such other judge or judges as he may assign shall discharge on behalf of the Felony Branch and the Misdemeanor Branch of the Criminal Division the following duties, when applicable:
   (1) He shall conduct presentments where the case, prior to the return of an indictment or the filing of an information, is prosecuted by formal complaint;
   (2) He shall conduct arraignments where the case is prosecuted by information, except as otherwise provided for in Rules 102, 103, 104, and 108;
   (3) He shall upon arraignment before him schedule the case for trial;
   (4) He shall schedule preliminary hearings, including not otherwise scheduled or assigned pretrial detention hearings under Rule 46–I;

   (5) He shall appoint counsel from a list of attorneys prepared under the authority of Section 302(b) of the District of Columbia Court Reorganization and Criminal Procedure Act of 1970, Public Law 91–358;
   (6) He shall set conditions of release or detention in all cases prior to the filing of an indictment or the commencement of trial;
   (7) Except as otherwise provided in these rules, he shall grant or deny continuances; and
   (8) He shall entertain motions for mental observation in accordance wtih the procedures set forth in paragraph (c) of this rule. Motions for mental observation made after arraignment or presentment shall come before the judge to whom the case has been assigned or, if not so assigned, before the judge assigned to hear criminal motions.
   (9) He shall conduct any other matters, including the holding of trials or hearings, should his schedule permit.
   (b) Operation. Presentments and arraignments shall commence at 1:00 p. m. The order of call shall insofar as practicable, be as follows:
   (i) Attorneys who are scheduled for an afternoon trial or hearing;
   (ii) Felonies;
   (iii) Misdemeanors.

8. Super.Ct.Cr.R. 10, see note 7 *supra*.

9. Super.Ct.Cr.R. 109, see note 7 *supra*.

ernment contends that despite appellant's request for a nonjury trial and his later objection to a jury trial, appellant did not state his waiver orally and in writing as required by Super.Ct.Cr.R. 23(a). Since the government is not appealing from any ruling of the trial court, it has no standing to raise this procedural question. Of course, appellant has never questioned his failure to formally comply with Super.Ct. Cr.R. 23(a) and this is not an issue on appeal. Accordingly, we do not reach the alleged procedural deficiencies alluded to by the government.

Since we have determined that at arraignment the government waived its statutory right to insist on a jury trial, its subsequent actions before the trial judge must be viewed as a motion to withdraw this waiver. Appellant contends that the trial judge erred in allowing the government to withdraw its waiver. We agree.

■ It is well settled that once a defendant has waived his constitutional right to a jury trial, it is thereafter within the court's discretion to disallow that defendant to withdraw the waiver and obtain a jury trial. *United States v. Sadrzadeh,* 440 F.2d 389 (9th Cir. 1971); *McCranie v. United States,* 333 F.2d 307 (5th Cir. 1964); *Riadon v. United States,* 274 F.2d 304 (6th Cir. 1960). See Orfield *Trial by Jury in Federal Criminal Procedure,* 29 Duke L.J. 77 (1962). Likewise, it is within the sound discretion of the court to allow the government to withdraw its consent to appellant's jury trial waiver. *See United States v. Schipani,* 44 F.R.D. 461 (E.D.N.Y.1968). Accordingly, this court will reverse a lower court's determination to either allow or disallow withdrawal of consent only if there is an abuse of this discretion.

■ An abuse of discretion has been defined as such action which is "arbitrary, fanciful, or clearly unreasonable." *United States v. McWilliams,* 82 U.S.App.D.C.

259, 261, 163 F.2d 695, 697 (1947). Moreover, in *Gearhart v. United States,* 106 U.S.App.D.C. 270, 273, 272 F.2d 499, 502 (1959), Judge Washington noted that "discretion must be exercised on the basis of sound information, soundly viewed." Utilizing the above standards, we find that under the facts of the instant case the lower court abused its discretion by allowing the government to withdraw its consent to a nonjury trial.

When asked by the trial judge to justify its request for a jury trial, the government merely recited that a jury trial was appropriate due to the nature of the case. In effect, the government was asking to withdraw its previous consent solely because it had changed its mind. Clearly, a mere change of mind is insufficient in and of itself to justify withdrawal. If the government is allowed to withdraw its consent merely because it decides later that a jury trial is desirable, the original consent becomes meaningless. *See United States v. Barker,* 168 U.S.App.D.C. 312, 330–31 n. 17, 514 F.2d 208, 226–27 n. 17, *cert. denied,* 421 U.S. 1013, 95 S.Ct. 2420, 44 L.Ed.2d 682 (1975). Such would result in the impairment of both the defendant's trial preparation and the reasonable expectation on the part of the public that government promises once made will be honored.

Moreover, in view of the chronology of this particular case, we find that the trial court's reliance upon the bureaucratic nature of the government was misplaced and clearly insufficient to allow withdrawal. The trial judge stated that the United States Attorney's office could not be expected to have sufficient knowledge of a case at arraignment to be prepared to oppose a jury trial waiver. However, we can only conclude that despite its bureaucratic shortcomings, the government was well aware of the facts in this case at the time of arraignment. The government's decision to "paper" appellant's case was made only after a series of meetings attended over an eight-month period by ap-

pellant, his counsel, and representatives of the prosecutor's office.

For the above reasons, we find that the trial court abused its discretion in allowing the government to withdraw its consent to a nonjury trial. Accordingly, we reverse the conviction and remand the case for a nonjury trial.

*Reversed and remanded.*