498 A.2d 185 (1985)
Edward A. JACKSON, Appellant,
v.
UNITED STATES, Appellee.
No. 83-995.
District of Columbia Court of Appeals.
Submitted April 25, 1985.
Decided September 4, 1985.
*186 Matthew C. Leefer, appointed by the court, was on briefs for appellant.
Roscoe C. Howard, Jr., Asst. U.S. Atty., Washington, D.C., with whom Joseph E. diGenova, U.S. Atty., Michael W. Farrell, Judith Hetherton and R. Jeffrey Behm, Asst. U.S. Attys., Washington, D.C., were on brief, for appellee.
Before BELSON and ROGERS, Associate Judges, and REILLY, Chief Judge, Retired.
BELSON, Associate Judge.
Appellant was convicted by the trial court sitting without a jury of carrying a pistol without a license, D.C. Code § 22-3204 (1981), possession of an unregistered firearm, id. § 6-2311, and possession of ammunition without valid registration, id. § 6-2361 (amended 1983). He argues on appeal that he was deprived of his constitutional right to trial by jury because the trial court failed to inquire whether he wished to waive that right.[1] We agree and reverse.
Appellant was arraigned on an information charging him with commission of the aforementioned three offenses. He entered pleas of not guilty and demanded a jury trial. A hearing was held on his motion to suppress evidence regarding a loaded pistol that the police had found near him and seized at the time of his arrest. After receiving testimony from two police officers and from appellant, the court denied his motion. The court also denied appellant's request for certain preliminary rulings about the availability at trial of a defense of innocent possession.[2]
Appellant's counsel then requested a trial on stipulated facts. He and government counsel proceeded to stipulate that the arresting officers and appellant would all testify at trial precisely as they had at the motion hearing, that the pistol seized near appellant was operable and that appellant had neither a license to carry the pistol nor *187 a firearm registration for it. The court, without conducting any inquiry of appellant, recited its understanding of the stipulation and rendered its verdict, finding appellant guilty of all three charges.
Entitlement to a trial by jury and the right to waive it are set forth in D.C. Code § 16-705 (1981) which, in relevant part, states:
(a) In a criminal case tried in the Superior Court in which, according to the Constitution of the United States, the defendant is entitled to a jury trial, the trial shall be by jury, unless the defendant in open court expressly waives trial by jury and requests trial by the court, and the court and the prosecuting officer consent thereto. In the case of a trial without a jury, the trial shall be by a single judge, whose verdict shall have the same force and effect as that of a jury.
(b) In any case where the defendant is not under the Constitution of the United States entitled to a trial by jury, the trial shall be by a single judge without a jury, except that if 
(1) the case involves an offense which is punishable by a fine or penalty or [sic] more than $300 or by imprisonment for more than ninety days (or for more than six months in the case of the offense of contempt of court), and
(2) the defendant demands a trial by jury and does not subsequently waive a trial by jury in accordance with sub-section (a), the trial shall be by jury.
Additionally, Super.Ct.Crim.R. 23(a) provides that:
Cases required to be tried by jury shall be so tried unless the defendant in open court orally and in writing waives a jury trial with the approval of the Court and the consent of the prosecuting officer.
Proper application of the statute and the rule prompts a dual inquiry. First, it must be determined whether a criminal charge is such as to entitle defendant to a jury trial. If the defendant is so entitled, the second question is whether he entered a valid waiver of that right. We proceed to address each of these inquiries in turn.
The grant of jury trial is a fundamental right. Duncan v. Louisiana, 391 U.S. 145, 157-58, 88 S.Ct. 1444, 1451-52, 20 L.Ed.2d 491 (1968). Its purpose is to prevent the possibility of governmental oppression.[3]Baldwin v. New York, 399 U.S. 66, 72, 90 S.Ct. 1886, 1890, 26 L.Ed.2d 437 (1970) (plurality opinion); Duncan, 391 U.S. at 155-56, 88 S.Ct. at 1450-51; Singer v. United States, 380 U.S. 24, 31, 85 S.Ct. 783, 788, 13 L.Ed.2d 630 (1965). The Constitution twice guarantees the right to trial by jury. Art. III, § 2, cl. 3 provides that "[t]he Trial of all Crimes, except in Cases of Impeachment, shall be by Jury. . . ." Also, the Sixth Amendment directs that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed. . . ." The Supreme Court has declared, however, that "the right of trial by jury . . . does not extend to every criminal proceeding." District of Columbia v. Clawans, 300 U.S. 617, 624, 57 S.Ct. 660, 661, 81 L.Ed. 843 (1937). "So-called petty offenses were tried without juries both in England and in the Colonies and have always been held to be exempt from the comprehensive language" of the jury trial provisions of the Constitution. Duncan, 391 U.S. at 160, 88 S.Ct. at 1453; Cheff v. *188 Schnackenberg, 384 U.S. 373, 379, 86 S.Ct. 1523, 1525, 16 L.Ed.2d 629 (1966); Clawans, 300 U.S. at 624, 57 S.Ct. at 661; District of Columbia v. Colts, 282 U.S. 63, 72-73, 51 S.Ct. 52, 53, 75 L.Ed. 177 (1930); Schick v. United States, 195 U.S. 65, 68-71, 24 S.Ct. 826, 827-28, 49 L.Ed. 99 (1904); see Callan v. Wilson, 127 U.S. 540, 557, 8 S.Ct. 1301, 1307, 32 L.Ed. 223 (1888). Only those offenses deemed so serious as to rise to the level of crime within the meaning of Art. III and the Sixth Amendment entitle the accused to the benefit of a jury trial prescribed therein. See Clawans, 300 U.S. at 625, 57 S.Ct. at 662; Colts, 282 U.S. at 72-73, 51 S.Ct. at 53; Schick, 195 U.S. at 69-70, 24 S.Ct. at 827.
In light of this distinction between petty and serious infractions the Court has endeavored to draw a line in the spectrum of crime, separating the two categories. Baldwin, 399 U.S. at 68, 90 S.Ct. at 1887; Duncan, 391 U.S. at 160-61, 88 S.Ct. at 1453. The Court has evaluated the nature of the offense, Colts, 282 U.S. at 73, 51 S.Ct. at 53, as well as the severity of the penalty authorized, Duncan, 391 U.S. at 159, 88 S.Ct. at 1452; Clawans, 300 U.S. at 625, 57 S.Ct. at 662, in determining whether a particular offense is so serious as to require a jury trial. Baldwin, 399 U.S. at 69 n. 6, 90 S.Ct. at 1888 n. 6; Schick, 195 U.S. at 68, 24 S.Ct. at 826; see Gaithor v. United States, 251 A.2d 644, 645 (D.C. 1969). In Baldwin the Court pronounced that the most relevant criterion in deciding whether an offense is petty or serious is the severity of the maximum authorized punishment. 399 U.S. at 68, 90 S.Ct. at 1887. The Court there held that a potential sentence in excess of 6 months' imprisonment is sufficiently severe to take the offense out of the category of petty and to render it triable by jury. Id. at 69, 90 S.Ct. at 1888; cf. Muniz v. Hoffman, 422 U.S. 454, 476, 95 S.Ct. 2178, 2190, 45 L.Ed.2d 319 (1975) ("In determining the boundary between petty and serious contempts for purposes of applying the Sixth Amendment jury trial guarantee . . . a punishment of more than six months in prison could not be ordered without making a jury trial available to the defendant. . . .")
Applying these teachings to the case at bar, it is clear that none of the offenses with which appellant was charged was "petty", as that term has been construed by the Supreme Court. The maximum potential sentence of imprisonment for the offense of carrying a pistol without a license is 1 year. D.C.Code § 22-3204, -3215 (1981). The same penalty is prescribed for the offenses of possession of an unregistered firearm and possession of ammunition without valid registration. Id. § 6-2376. Under Baldwin, therefore, appellant's case was one "in which, according to the Constitution of the United States, the defendant is entitled to a jury trial. . . ." D.C.Code § 16-705(a). Thus, we now turn to the question whether appellant properly waived his right to trial by jury, pursuant to D.C.Code § 16-705(a) and Super.Ct.Crim.R. 23(a).
Trial by jury is the constitutionally preferred method of disposing of criminal cases. Patton v. United States, 281 U.S. 276, 312, 50 S.Ct. 253, 263, 74 L.Ed. 854 (1930). Nevertheless, the right to such a trial is one which the accused has the power to waive not only in the case of a petty offense, id. at 308, 50 S.Ct. at 261; Schick, 195 U.S. at 67, 71-72, 24 S.Ct. at 828, but also in one involving a serious crime, Duncan, 391 U.S. at 158, 88 S.Ct. at 1452; Singer, 380 U.S. at 33-34, 85 S.Ct. at 789; Adams v. United States ex rel. McCann, 317 U.S. 269, 277-78, 63 S.Ct. 236, 240-41, 87 L.Ed. 268 (1942); Patton, 281 U.S. at 298, 312, 50 S.Ct. at 258, 263; Eliachar v. United States, 229 A.2d 451, 452 (D.C.1967); United States v. Martin, 81 A.2d 651, 653 (1951). "[S]ince trial by jury confers burdens as well as benefits, an accused should be permitted to forego its privileges when his competent judgment counsels him that his interests are safer in the keeping of the judge than of the *189 jury."[4]Adams, 317 U.S. at 278, 63 S.Ct. at 241.
So important, however, is the right to trial by jury that certain safeguards must attend its waiver. Singer, 380 U.S. at 34. Accordingly, the Supreme Court has held that a waiver of the right to jury trial is effective only if it is the product of "the express and intelligent consent of the defendant."[5]Patton, 281 U.S. at 312, 50 S.Ct. at 263; Adams, 317 U.S. at 277-78, 63 S.Ct. at 240-41. "And whether or not there is an intelligent, competent, self-protecting waiver of jury trial by an accused must depend upon the unique circumstances of each case." Adams, 317 U.S. at 278, 63 S.Ct. at 241. The Supreme Court has admonished that
the duty of the trial court in that regard is not to be discharged as a mere matter of rote, but with sound and advised discretion, with an eye to avoid unreasonable or undue departures from that mode of trial or from any of the essential elements thereof, and with a caution increasing in degree as the offenses dealt with increase in gravity.
Patton, 281 U.S. at 312-13, 50 S.Ct. at 263, quoted in Singer, 380 U.S. at 34, 85 S.Ct. at 789; accord Jackson v. United States, 262 A.2d 106, 109 n. 6 (D.C.1970); see also United States v. Martin, 704 F.2d 267, 271-73 (6th Cir.1983) (quoting Patton and discussing responsibilities of trial court with respect to waiver of jury trial).
In the exercise of our supervisory power this court has articulated the appropriate procedures for the trial court to follow, pursuant to D.C.Code § 16-705(a) and Super.Ct.Crim.R. 23(a), when presented with a request for waiver of jury trial. Hawkins v. United States, 385 A.2d 744, 746-47 (D.C.1978); Hicks v. United States, 296 A.2d 615, 617 (D.C.1972); Banks v. United States, 262 A.2d 110, 111 (D.C. 1970); Jackson, 262 A.2d at 108-09; see Payne v. United States, 292 A.2d 800, 802 (D.C.1972). The trial court is responsible for conducting "an oral inquiry of the defendant himself in open court, his replies to which indicate that he understands the nature of his right to a jury trial and that he chooses to waive that right." Hawkins, 385 A.2d at 747. "The trial judge must also assure that such waiver is contained in the record as it occurred. . . ." Banks, 262 A.2d at 111. A written waiver, signed by the defendant, must accompany the oral waiver. Hawkins, 385 A.2d at 747; Super. Ct.Crim.R. 23(a).
Nowhere in the record before us do we find anything to show that before proceeding to trial without a jury the trial court obtained from appellant himself a valid waiver of his right to jury trial in compliance with the procedures contemplated by D.C.Code § 16-705(a), Super.Ct. *190 Crim.R. 23(a) and the applicable decisional law. Strict adherence to the waiver procedures was particularly necessary here where the trial was to be conducted on stipulated facts, the consequences of which proceeding appellant may not have appreciated fully. See Glenn v. United States, 391 A.2d 772, 776 (D.C.1978).
In view of the trial court's failure to follow the required procedures,[6] we reverse appellant's conviction and remand the case with directions to grant a new trial.
So ordered.
NOTES
[1] Appellant also assigns as error the trial court's rejection of his novel theory of an "innocent possession" defense. See infra note 2. In light of our disposition of this case we decline to rule on that question here.
[2] The defense of innocent possession may be available in certain narrowly defined circumstances. E.g., Stewart v. United States, 439 A.2d 461, 463 (D.C.1981); Worthy v. United States, 420 A.2d 1216, 1218 (D.C.1980); Logan v. United States, 402 A.2d 822, 824-27 (D.C.1979); Carey v. United States, 377 A.2d 40, 43-44 (D.C.1977); Hines v. United States, 326 A.2d 247 (D.C.1974); see also Criminal Jury Instructions for the District of Columbia, No. 4.815(B) (3d ed. 1978).
[3] The Supreme Court has described the grant of jury trial as "essential for preventing miscarriages of justice and for assuring that fair trials are provided for all defendants." Duncan, 391 U.S. at 157-58, 88 S.Ct. at 1451-52. More specifically, "the jury interposes between the accused and his accuser the judgment of laymen who are less tutored perhaps than a judge or panel of judges, but who at the same time are less likely to function or appear as but another arm of the Government that has proceeded against him." Baldwin v. New York, 399 U.S. 66, 72, 90 S.Ct. 1886, 1890, 26 L.Ed.2d 437 (1970) (plurality opinion); see also Williams v. Florida, 399 U.S. 78, 100, 90 S.Ct. 1893, 1905, 26 L.Ed.2d 437 (1970); Duncan, 391 U.S. at 156, 88 S.Ct. at 1451.
[4] Various considerations may prompt an accused to elect to waive his right to jury trial. The Supreme Court has enumerated some of them:

The less rigorous enforcement of the rules of evidence, the greater informality in trial procedure  these are not the only advantages that the absence of a jury may afford to a layman who prefers to make his own defense. In a variety of subtle ways trial by jury may be restrictive of a layman's opportunities to present his case as freely as he wishes.
Adams, 317 U.S. at 278, 63 S.Ct. at 241. One commentator has described some other reasons recommending waiver:
The defendant may want to waive a jury trial when he feels that a jury panel composed of members of the community will be prejudiced against his case. This may be especially true when the defendant's alleged crime has received wide publicity or is particularly gruesome. The defendant may also feel that a judge would be less apt than a jury to draw negative conclusions from the defendant's appearance or manner of speech. Or, he may merely prefer that the arbiter of his fate be one man trained in the law rather than twelve laymen.
C. Whitelead, CRIMINAL PROCEDURE § 22.05, at 450 (1980).
[5] The effectiveness of a waiver appropriately entered by the defendant also may be conditioned on the consent of the prosecuting attorney and the trial judge. Singer; Adams, 317 U.S. at 277-78, 63 S.Ct. at 240-41; Patton, 281 U.S. at 312, 50 S.Ct. at 263; Hawkins v. United States, 385 A.2d 744, 746 n. 4 (D.C.1978); D.C. Code § 16-705(a).
[6] As was the case in Hawkins, 385 A.2d at 747 n. 5 and Payne, 292 A.2d at 802 n. 4, because "the transcript appears to have captured in toto the proceedings during which appellant might have waived his right to trial by jury . . . we deem unwarranted a remand . . . for the purpose of attempting to reconstruct whether appellant waived jury trial in compliance with the rule and the statute." Id.